IN THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

| | |
|---|---|
| MARC IRWIN SHARFMAN, M.D., P.A., a Florida corporation, individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>PREMIER MEDICAL, INC., a South Carolina corporation<br><br>Defendant. | Civil Action No. 6:20-cv-01278 WWB - LLH<br><br>Judge: Wendy W. Berger<br><br>Magistrate Judge: Leslie R. Hoffman |

## MOTION FOR STAY

Defendant Premier Medical, Inc. ("Premier") moves this Court for an order temporarily staying this action pending legislation, a regulatory ruling and / or a decision that is binding on this Court determining or at least clarifying whether the Court lacks subject matter jurisdiction over the Plaintiff's claims as a result of *Barr v. American Association of Political Consultants, Inc.*, 140 S.Ct. 2335, 2020 WL 3633780, (July 6, 2020) ("*AACP*"), *Hussain v Synergy et al.* Case

No. 5:20-cv-00038-JSM-PRL Doc. 74 (M.D. Fl. December 11, 2020) ("*Hussain*"), *Creasy v. Charter Communications, Inc.* No. 2:20-CV-01199 (E.D. Louisiana Sept. 28, 2020) ("*Creasy*"), *Lidenbaum v. Realgy, Inc.* No. 1:19-cv-02862-PAC (N.D. Ohio Oct. 29, 2020) ("*Lidenbaum*") and the several additional cases decided shortly thereafter.

In *AACP* the United States Supreme Court found the Telephone Consumer Protection Act ("TCPA") to be unconstitutional. However, the Supreme Court did not decide the impact of the unconstitutionality of the TCPA. The absence of such a decision has the courts at odds with whether the TCPA is an enforceable statute.

The decisions in this District and the other cases referred to above are contradictory and irreconcilable, Judges in the same building and on the same day are ruling in opposite ways. The *Lidenbaum* decision is already being appealed, the other cases are likely to be appealed, this case, if decided now, is likely to be appealed and ultimately Congress, the Federal Communications Commission ("FCC") with primary jurisdiction, the United States Supreme Court or the Appellate Court will have to legislate, rule or decide whether the TCPA's unconstitutionality as decided in *AACP* deprives courts of subject matter jurisdiction from November 2, 2015 to July 6, 2020. If

so, the Court lacks jurisdiction to enforce violations of an unconstitutional statute and this case must be dismissed.

A stay is warranted as action by Congress to pass a new law or amend the TCPA, a FCC ruling, a decision or at least clarification by the United States Supreme Court post *AACP* (perhaps as a part of the *Facebook v. Druid* No. 19-511 (U.S. Cert. granted 7/9/20) decision expected in the Spring of 2021) or an Appellate Court ruling will have an immediate, material impact on whether the Court has jurisdiction over Plaintiff's putative TCPA class action claims. Specifically, any such legislation, ruling or decision will decide or at least clarify whether the unconstitutionality of the TCPA applies retroactively to the period from 2015 to July 6, 2020.

Plaintiff's Complaint in this action alleges a single-page facsimile advertisement was received on July 16, 2019 in violation of the TCPA. (Dkt. 1). Discovery has not commenced and there is a motion to dismiss the action based upon the Court's lack of subject matter jurisdiction (Dkt. 31). Plaintiff has filed its opposition to the motion to dismiss (Dkt. 32). No other matters are pending before the Court. Defendant's Motion for Stay is not made for purposes of delay. With the case in its early stages, Plaintiff will not be prejudiced by a stay.

Defendant will suffer significant hardship and inequity if the case is not stayed because it would be forced to spend substantial fees and costs conducting and responding to fact and expert discovery and engaging in extensive motion practice, all of which may ultimately be rendered moot if the Court does not have subject matter jurisdiction.

The considerations set forth herein, the prejudice and cost to Defendant to be in this predicament, the inability of Defendant's counsel to present clear and binding precedent and the difficulties the Court will encounter trying to decide the matter counsel in favor of a temporary stay. It is noted the Courts in this District already have contradictory decisions (See *Hussain* and *Abramson v. Federal Ins. Co.,* Case No. 8: 19-cv-2523 M.D. Fl. Dec. 11, 2020). Another decision by this Court will not move the needle or provide any additional progress or results.

When deciding a motion to stay, courts typically address how the grant or denial of the stay will prejudice the parties. *See, e.g., Boise v. ACE USA, Inc.,* 2015 U.S. Dist. LEXIS 87200, at * 4-5 (S.D. Fla. July 6, 2015) (staying a putative TCPA class action even though opposition to the stay was "not without merit" when a possible one-year delay in

recovery was balanced against expense of onerous discovery and significant expense that could be mooted by pending Supreme Court case). When the relative risks of prejudice are balanced, they favor Defendant. In addition to conserving judicial resources, no harm will result to the Plaintiff in this case by waiting until resolution of the issue. Plaintiff's interests in this case are not time sensitive as evidenced by the fact that Plaintiff, waited over 1 year after receiving a facsimile from Premier to file its claim. There is no allegation that Premier is presently violating the TCPA. Although Plaintiff purportedly intends to seek certification of a class for the purposes of accumulating a greater amount of statutory damages, the amount of TCPA statutory damages to which Plaintiff may be entitled will be the same. For Defendant, however, if the TCPA is unconstitutional from November 2015 until July 2020 the Court will not have subject matter jurisdiction over the case and it will be dismissed. Under like circumstances, courts routinely find that the balance of harms weighs in favor of waiting. Furthermore, further conflicting decisions could result if this Court rules on the Motion to Dismiss prior to a definitive determination.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its

docket with economy of time and effort for itself, for counsel and for litigants." *Scoma Chiropractic,* 2018 U.S. Dist. LEXIS 92736 at *4, quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A court may grant a stay to "promote judicial economy, reduce confusion and prejudice, prevent possible inconsistent resolutions." *Comprehensive Health Care Sys. of the Palm Beaches, Inc. v. M3 United States Corp.*, 2017 U.S. Dist. LEXIS 166033, at *4-5 (S.D. Fla. Oct. 6, 2017) (citation omitted).

If this case were to continue before the issue of the retroactivity of the unconstitutionality of the TCPA is determined there is a risk that the Court's orders and decisions would be ones where the Court lacked jurisdiction. Uniformity, judicial economy, clarity and avoiding prejudice are all advanced by temporarily staying the case until Congress addresses the TCPA, the FCC issues a ruling and / or the United States Supreme Court or the Appellate Court makes a binding decision.

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests that the Court stay this action pending legislation from Congress, a ruling from the FCC and / or a decision from the United States

Supreme Court or the Appellate Court as to whether the unconstitutionality of the TCPA deprives the court of subject matter jurisdiction from November 2, 2015 to July 6, 2020. When the issue is decided or at least clarified, the parties should be ordered to provide a report to the Court within thirty (30) days.

## Local Rule 3.01(g) Certification

Counsel to Defendant certify that they have conferred with Plaintiff's counsel by telephone, who objects to the relief sought by Defendant in this motion.

Dated: February 6, 2021

/s/ Robert E. Burkett, Jr.

Robert E. Burkett, Jr. (FL 0545074)
Burkett Law Office
5237 Summerlin Commons Blvd.
Fort Myers, Florida 33907
Telephone: 239 275 2145

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which shall automatically serve all counsel of record.

*/s/ Robert E. Burkett, Jr.*
Robert E. Burkett, Jr.
